UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Diamone Wilson, et al.,                                    Case No. 3:20-cv-2498

                  Plaintiffs,

      v.                                                        MEMORANDUM OPINION
                                                                   AND ORDER

Lieutenant Michael Russo, et al.,

                  Defendants.

Defendant Steve Riddle has filed a motion to dismiss the individual capacity claims asserted against him in the Intervenors' Complaint. (Doc. No. 22). In response, Intervenors filed a memorandum conceding the Complaint "may not fully articulate a claim against Riddle in his individual capacity, based on facts reasonably available to Intervening Plaintiffs at this point." (Doc. No. 25 at 1). To resolve this matter, Intervenors propose the following to options:

> 1) dismissal of the claims against Riddle in his individual capacity, without prejudice to refiling, while Intervening Plaintiffs pursue discovery in this case; or 2) permitting an amendment of the Intervening Complaint to clarify that the individual capacity claims are based as well on ratification.

(*Id.*). Defendant Riddle did not file a reply.

Intervenors base their proposed ratification claim on the allegation that Defendant Riddle, as the policymaking official at the time, failed to meaningfully investigate the incident underlying this case and take remedial action the alleged wrongdoers. (Doc. No. 25-1 at 6).

The Sixth Circuit has recognized "a failure to investigate may give rise to section 1983 supervisory liability." *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990) (citing *Marchese v. Lucas*, 758 F.2d 181, 182, 188 (6th Cir. 1985)). But, as stated in *Walker*, the Circuit "imposed the

broad investigative responsibilities outlined in *Marchese* upon the sheriff in his *official capacity*: '[T]he Sheriff is sued here in his official capacity and in that capacity, he had a duty to both know and act.'" *Walker*, 917 F.2d at 1457 (emphasis added) (quoting *Marchese*, 758 F.2d at 188).

Because the duty to investigate is one imposed on the actor in their "official capacity" and because state employees acting in their official capacities cannot be liable for money damages, the *Walker* court upheld the directed verdict in the supervisors' favor on plaintiff's failure-to-investigate ratification claim. *Walker*, 917 F.2d at 1457 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, a policymaker cannot be liable in their individual capacity for failing to investigate. *See, e.g., Loy v. Sexton*, 132 F. App'x 624, 627-28 (6th Cir. 2005) (rejecting an individual-capacity, failure-to-investigate ratification claim); *Enoch v. Hamilton Cnty. Sheriff's Off.*, No. 1:16-cv-661, 2017 WL 2210515, at *6-*7 (S.D. Ohio May 18, 2017) (same); *Phillips v. Mills*, No. 05-2571-JDB/tmp., 2007 WL 4365786, at *4 (W.D. Tenn. Dec. 12, 2007) (same).

Because the ratification theory does not apply to claims brought against a supervisor in their individual capacity, amending the Complaint to add this claim would be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). Therefore, rather than permitting Intervenors to amend the Complaint, I grant Defendant Riddle's motion to dismiss the individual capacity claim. Should discovery reveal evidence in support of an individual capacity claim, Intervenors may move to amend the Complaint to reinstate such a claim.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2